JEFFREY JOHNSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Johnson v. Commissioner
Docket No. 5495-87.
United States Tax Court
T.C. Memo 1989-227; 1989 Tax Ct. Memo LEXIS 227; 57 T.C.M. (CCH) 363; T.C.M. (RIA) 89227; May 11, 1989. Michael K. McBeath, for the petitioner. David W. Sorensen, for the respondent. SWIFT
MEMORANDUM OPINION SWIFT, Judge: This matter is before the Court on petitioner's and respondent's respective motions to dismiss for lack of jurisdiction. Petitioner's motion is based on the contention that the notice of deficiency relating to 1981 and 1982 was not sent to petitioner's last known address as required by section 6212(b). [1] Respondent's motion is based on the contention that the petition was not filed within the 90-day period provided under section 6213. Petitioner and his ex-wife, Patricia Johnson, filed with respondent their 1981 and 1982 joint Federal income tax returns. Their address as indicated on each return was as follows: 1981 return -- 7415 S. Sea Star Drive Huntington Beach, CA 92648. 1982 return -- *229 8442 Ivy Circle Huntington Beach, CA 92646. In late 1984, petitioner and Ms. Johnson were separated, and petitioner moved out of the marital residence in Huntington Beach, California, and moved into a residence in Costa Mesa, California. By letter dated January 17, 1985, Ms. Johnson notified respondent's office in Laguna Niguel, California, that she and petitioner were divorced and that she did not know petitioner's address. During the early part of 1985, petitioner had a number of temporary addresses. In January of 1985, petitioner moved to Las Vegas, Nevada, into the guest home of a business associate. In March of 1985, petitioner moved into an apartment on Indian River Drive, Las Vegas, Nevada, and remained at that address for three months. In late spring of 1985, petitioner moved into a condominium at 3035 Mirado Court, Las Vegas, Nevada, in which petitioner continued to reside at the time the instant motions were filed. After moving to Las Vegas in 1985, petitioner became employed by a company whose address was -- 3900 West Dewey Drive Las Vegas, Nevada 89118. In April of 1986, the company's address changed to -- 3720 West Tropicana Suite 9 Las Vegas, *230 Nevada 89103. On or about May 2, 1985, petitioner and Ms. Johnson filed with respondent a 1984 joint Federal income tax return and indicated thereon that their joint address was -- 786 Wesleyan Bay Costa Mesa, California 92626. On September 20, 1985, respondent sent a 30-day letter to petitioner and Ms. Johnson pertaining to their 1981 and 1982 joint Federal income tax liabilities. The 30-day letter was addressed to petitioner and Ms. Johnson at 8442 Ivy Circle, Huntington Beach, California 92646. On October 17, 1985, respondent's office in Los Angeles, California, received from petitioner a written protest letter, dated October 14, 1985, regarding respondent's proposed adjustments. The protest letter was signed by both petitioner and Ms. Johnson, and it was sent by petitioner to respondent from Las Vegas, Nevada, as verified by the postage stamp on the envelope. Petitioner indicated on the protest letter that his return address was -- 3900 West Dewey Drive Las Vegas, Nevada 89118. The protest letter, however, did not identify the return address as a new address, nor did it in any other way expressly indicate that petitioner's address had changed. On November 25, 1985, respondent's *231 agents consulted their computers in order to search for the address of petitioner to which a notice of deficiency should be sent. Respondent's computer search indicated that petitioner's last known address was at 786 Wesleyan Bay, Costa Mesa, California, the address indicated on the 1984 joint tax return that petitioner and Ms. Johnson had filed on May 2, 1985. On December 5, 1985, petitioner and his former spouse were divorced by order of the Superior Court of the State of California for the County of Orange. On February 6, 1986, respondent mailed to petitioner and to Ms. Johnson, by certified mail number 402814, a notice of deficiency with respect to their joint Federal income tax liabilities for 1981 and 1982. Duplicate originals of the notice of deficiency were mailed to the following addresses: 786 Wesleyan Bay Costa Mesa, California 92626 and 8442 Ivy Circle Huntington Beach, CA 92646. In February of 1986, neither petitioner nor Ms. Johnson lived at either of the above addresses, and the Post Office apparently forwarded the envelope containing petitioner's duplicate original notice of deficiency to P.O. Box 6468, Huntington Beach, CA 92615-6468. The certified *232 envelope containing the notice of deficiency was not picked up from the P.O. Box, and on March 4, 1986, the Post Office returned the envelope to respondent as unclaimed. Due to various extensions and absent valid notices of deficiency, the statute of limitations under sections 6501(a) and (c)(4) for each of the years 1981 and 1982 would not have expired before June of 1986. The deficiencies at issue in this case were assessed by respondent on June 30, 1986, for 1981, and on July 21, 1986, for 1982. After receiving a number of tax collection notices, on July 24, 1986, Ms. Johnson mailed to respondent a letter with a return address of 786 Wesleyan Bay, Costa Mesa, California, informing respondent that all correspondence concerning her and her ex-husband's tax liabilities should be sent to petitioner at the following address: Jeffrey Johnson c/o Development by Five 3720 West Tropicana Suite 9 Las Vegas, Nevada 89103 Following an inquiry from petitioner in the fall of 1986, respondent notified petitioner that duplicate notices of deficiency had been mailed to the two addresses previously indicated and that the notices had been returned unclaimed. On March 2, 1987, petitioner *233 filed his petition. In order to maintain an action in this Court, there must be a valid notice of deficiency and a timely filed petition. See . If we find that the duplicate notice of deficiency that was mailed to petitioner was valid, petitioner's petition would be untimely, and respondent's motion to dismiss will be granted. If, however, we find that the duplicate notice of deficiency mailed to petitioner was not valid, petitioner's motion to dismiss will be granted. We previously have recognized that although the language of section 6212(a) is precatory, with certain exceptions not here applicable, the notice provisions of section 6212 [2] must be satisfied in order for a notice of deficiency that is mailed to be valid. . Under section 6212(b)(2), in the case of a joint income tax return, duplicate original notices of deficiency must be sent to each spouse at each spouse's last known address (rather than a single joint notice of deficiency) where respondent has been notified that each spouse has established a separate residence. Petitioner contends that *234 respondent did not satisfy the "last known address" requirement of section 6212(b)(1) and (2) when respondent mailed his duplicate notice of deficiency to the Costa Mesa, California address indicated on the 1984 joint income tax return. *235 We have stated that, in general, a taxpayer's "last known address" is the address to which, in light of all surrounding facts and circumstances, respondent reasonably believed the taxpayer wished the notice of deficiency to be sent. ; ; . Absent clear and concise notification of a change of address, respondent generally is entitled to rely on the taxpayer's address as stated on the taxpayer's most recently filed tax return as of the date of the notice of deficiency. ; , cert. denied ; . Addressing facts similar to those before us, the Ninth Circuit in , affg. , stated -- we believe that the protest letter did not constitute "clear and concise" notice as a matter *236 of law. Correspondence bearing an address different from that on the most recent return does not, by itself, constitute clear and concise notice. See, e.g., Tadros v. Commissioner, 763 F.2d at 92 (letter from taxpayer did not indicate that taxpayer had permanently moved or that address on letterhead was his new place of residence, nor did it mention the old address or indicate that it was no longer to be used); Alta Sierra Vista, 62 T.C. at 375 (new address on letterhead insufficient to notify IRS "that such address had replaced [taxpayer's] former address and that the former address was no longer to be used."); cf. Pyo v. Commissioner, 83 T.C. at 637-38 (filing of Form 872 bearing old address did not supplant address on most recent return). In order to supplant the address on his/her most recent return, the taxpayer must clearly indicate that the former address is no longer to be used. Tadros, 763 F.2d at 92. * * * [Underscoring in original.] Petitioner's frequent moves and temporary addresses, his separation from Ms. Johnson, and their filing in May of 1985 of a 1984 joint Federal income tax return *237 using a single Costa Mesa, California address certainly complicated respondent's efforts, in the fall of 1985, to determine petitioner's last known address to which petitioner's copy of the duplicate notice of deficiency should be sent. Petitioner's protest letter, received by respondent on October 17, 1985, did not mention the Costa Mesa, California address indicated on the 1984 tax return, nor did the protest letter indicate that the return address set forth in the protest letter was a new address for petitioner. Under the facts of this case and in light of the Ninth Circuit authority closely on point, we conclude that as of the date of the issuance of the notice of deficiency, respondent reasonably believed that the Costa Mesa, California address to which the notice of deficiency was sent, at that time and for purposes of section 6212(b), constituted petitioner's last known address. Accordingly, the notice of deficiency is valid, and petitioner's petition was not timely filed. For the reasons stated, petitioner's motion to dismiss will be denied, and respondent's motion to dismiss will granted. An appropriate order will be issued.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the years in dispute.↩
2. Section 6212(a) and (b)(1) and (2) provides, in part, as follows: (a) In general. -- If the Secretary determines that there is a deficiency in respect of any tax imposed by subtitle A or B or chapter 41, 42, 43, or 44, he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail. (b) Address for Notice of Deficiency. -- (1) Income and gift taxes and certain excise taxes. -- In the absence of notice to the Secretary under section 6903 of the existence of a fiduciary relationship, notice of a deficiency in respect of a tax imposed by subtitle A, chapter 12, chapter 42, chapter 43, or chapter 44, if mailed to the taxpayer at his last known address, shall be sufficient for purposes of subtitle A, chapter 12, chapter 42, chapter 43, or chapter 44, and this chapter even if such taxpayer is deceased, or is under a legal disability, or, in the case of a corporation, has terminated its existence. (2) Joint income tax return. -- In the case of a joint income tax return filed by husband and wife, such notice of deficiency may be a single joint notice, except that if the Secretary has been notified by either spouse that separate residences have been established, then, in lieu of the single joint notice, a duplicate original of the joint notice shall be sent by certified mail or registered mail to each spouse at his last known address.↩